We'll hear the next case, United States v. Felder. Good morning. Good morning. May it please the Court, my name is Jesse Siegel. I'm representing the appellant Tyrone Felder. Mr. Felder is currently serving a sentence of 26 years as a result of his conviction after trial in this case. That's an 18-year sentence for participating in a narcotics conspiracy that distributed over 280 grams of crack cocaine and a consecutive 8-year sentence for possessing a firearm in connection with the narcotics conspiracy. He was originally charged with the firearm under two theories, also in connection with a Hobbs Act robbery, but he was acquitted of the Hobbs Act robbery. Could you address your argument with respect to Jones and Sellers? Absolutely, Your Honor. Judge, our . . . As you know, we can't . . . an opinion of a decision of this court cannot be overturned except via in-bank or, of course, the Supreme Court. I think that is correct, and I would not be surprised if we would be arguing  I do think that there is at least one possible avenue pursuant to which the court could address it, and that is what was the effect of Sellers on Jones. It's my position, it's our position, excuse me, that Sellers impliedly overruled Jones in that, in Sellers, the court found that a New York State youthful offender adjudication sets aside a felony conviction. But there, the exclusion specifically says any conviction which has been set aside, and under the career offenders guidelines, as I understand them, the guidelines don't exclude convictions that have been set aside. They don't include that language. However, the career offender guideline refers, says that among other things, a person is a career offender if he or she, I believe it says he, but has two or more prior qualifying convictions. The argument is that when the guideline says that, it means has at the time the defendant is being sentenced as a career offender. So if, in fact, the conviction has been set aside, replaced, substituted for, which are the various ways New York State refers to it, then at the time the defendant is to be sentenced as a career offender, he no longer has those prior convictions. So what I've already . . . we conclude that the career offender designation had any actual impact on this sentence given that Judge Caproni imposed a sentence that was well below, not only the career offender guideline but below what the guidelines would have been if he were not a career offender, and did it in the course of a very brief deliberation of Mr. Felder. It seemed to me as clear as could be that Judge Caproni was giving the sentence that she thought was the appropriate sentence under the 3553A factors, disregarding the guidelines almost entirely. Well I guess the first response that I would have to that is that Judge Caproni didn't say that on the record. I would give the same sentence otherwise. I used to do that all the time actually when I was a district judge, but not everyone does. I recall. However, so I assume that a judge can reach a sentence that says that regardless of what the guidelines are, this is the sentence I think is appropriate, but it's also, I would suggest, conceivable that to Judge Caproni, the sentence she imposed bore a relation to the sentencing guidelines. And basically, absent some more affirmative statement, I guess you'd say, the law is if the guidelines are erroneously calculated, that's that. Correct. Correct. So I would think that if in fact Judge Caproni found that the guidelines were substantially lower because Mr. Felder was not a career offender, then that could have at least conceivably led to a lower sentence. Do I understand the record correctly that these arguments weren't made to her at the time? That particular argument was not made to Judge Caproni. That's correct. With regard to the other arguments that we have made in the appeal, those were in fact presented to Judge Caproni and that has to do with the sufficiency of the evidence. I'm focusing on the sentencing piece and youthful offender status. You're correct, Judge, that that was not presented to Judge Caproni. Does the record indicate anything about how those youthful offender statuses, but particularly with respect to the first, were processed through the state court proceedings? Was your client tried as an adult or treated as an adult? Did he end up in adult incarceration or did he go to juvie? Mr. Felder in that case was . . . I don't believe he went to trial, but the proceedings were in adult court in Bronx Supreme Court and he did serve the . . . he originally got a sentence of a six-month split, six months plus the balance on probation, subsequently violated and then did the remainder of that at an adult facility, an adult prison. Did that take him up over a year? It did. And that's how we should look at it? I mean essentially he served more than a year and he served some probation which he screwed up on? I believe that's correct, yes. Thank you. I see that I'm close to running out of time, so unless the court has any issue . . . questions regarding the sufficiency argument, I'll rest on our papers. Thank you. May it please the court, my name is Eli Mark. I'm an assistant United States attorney for the Southern District of New York. I represent the United States on this appeal and I also represented the United States below at trial. I'll go right to the youthful offender issue since it was the focus of the panel's questions. As Judge Hall noted, this issue is not raised below, so we are looking this through a clear error standard of review. Jones is directly on point here and that really is the end of . . . Plain error. Plain error, yes. And there is not clear error here under the plain error standard of review based on Jones's decision. Is it the government's position that if an issue is not raised to the district court, in effect could never be the subject of an en banc review? If the issue is, did the judge engage . . . commit plain error and the judge followed a binding decision of the Second Circuit, is that . . . does that mean that this is somehow insulated from review of whether there's . . . whether that binding decision was correctly decided? I don't think we need to go to that sort of broad point. I'll sort of focus it on this case here where we're looking at Jones. We're looking at whether Jones was rightly decided here and to address whether Jones was rightly decided. A, I think there isn't anything in the clear offender guideline that suggests that it wasn't. I don't think Sellers actually casts any doubt on this because it's actually . . . I'm actually just wondering what effect the plain error standard has in this case because the short answer is the district judge was correct under the existing law. And then the question is, is there some issue with existing law such that a panel might suggest to the court as a whole that this is something we should maybe take up? And I'm just trying to figure out if there's anything . . . so what if it's a plain error review? Either way, the issue here is there is this binding decision and ultimately, as Mr. Siegel candidly acknowledges, there's a good chance that his ability to raise this issue is really . . . it's just being preserved for . . . I understand he has an argument that maybe there's this overruling, but . . . I think you're right that probably in most situations, I mean, that one could think about, the fact that there's binding circuit precedent on that issue, there's no . . . I mean, he's not pointing to any sort of subsequent Supreme Court determinations or changes in the law, that probably the story ends there. Even if he was later to think that Jones wasn't rightly decided, but . . . and if, for instance, he had preserved that issue below and then wanted to pursue that to en banc, maybe that could, you know, lead to a positive result for appellant. It's a speculative question because probably it's not our business anyway. We will decide the case according to the law and then the next step is whatever the next step is. I think you're right, Judge Lynch, and just one thing that we didn't point out in our brief, but I wanted to sort of draw your attention to, which is a fair amount of appellant's argument and particularly highlighted in his reply brief is this sort of temporal view of the career offender guidelines in 4B1.1a. The focus on the word has two prior felony convictions. One thing that he didn't do is point out that there's 4B1.2, which is actually the definitional section for the terms that are used in 4B1.1, and that definitional section, which is at subsection c, so 4B1.2 subsection c, actually uses language to define two prior felony convictions. And in that language to define two prior felony convictions, it talks about, and I'll just quote for your honors, the term two prior felony convictions means, one, the defendant committed the instant offensive conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Here was a crime of violence. So to the extent that appellant is arguing that the career offender guideline is actually different than some of the other guidelines that this court has also found youthful offender convictions should still be countable, it's actually really analogous because it has the subsequent to sustaining conviction just like other ones either say subsequent to or after sustaining a prior felony conviction. So we would argue that both Jones is rightly decided and it's precedent dealing with interpretation of the guidelines here. Just go back to Jones for a minute. Your adversary, as I understand him, argues that what Jones virtually, and virtually is the word that's used in the brief, virtually ensures that New York defendants will not receive effective assistance of counsel in violation of the Sixth Amendment. What's your view? I think actually there was sort of some of that argument was raised in Jones, right? I mean, it's always going to be a challenge for every state court practitioner to consider what are all the collateral consequences here. A, if there's an ineffective assistance of counsel claim that should be pursued in the state court, not here in this federal court. I think what he's really trying to argue is that there's some sort of vagueness issue here. And there really isn't a vagueness issue here. The cases dealing with the guidelines are actually completely consistent. Jones is consistent with all of the other guidelines cases that the court has considered here about whether youthful offender convictions, you know, an adult conviction that gets a youthful offender determination could have a consequence for a sentencing consequence. And this decision is actually completely consistent in Jones with other cases. So I don't think that that sort of concern really is a realistic one here. All right. Unless your honors have any further questions, the government will rest on its submission. . . . . . . Just to briefly take up the issue that Judge Katzmann raised. That argument comes after twenty years or twenty-five years after spending nine years as a public defender in New York City and is a very real concern. And perhaps it's obvious, but just to unpack it a little bit, clearly a defense attorney in state court whose client has been offered a plea that involves a youthful offender adjudication is going to tell that client that take it. In considering whether to take it, you should know that it's not going to give you a criminal record. And among other things, you're not going to be a predicate felon as a result of this adjudication. Under New York law, but what would be expected of a competent practitioner in terms of advising a client about the possibility that that might not be true under federal law or under the law of other states? In other words, if the lawyer said, look, that's a great thing because you won't have a record that will come back to haunt you under New York state law, but there are fifty other jurisdictions out there in the United States and if you later commit a crime in New Jersey or California or a federal crime, I can't tell you what the effect would be. And if the person wants to say, well, I'm thinking about committing a crime in California, why don't you look up and research for me and tell me the right answer? That would be one thing, but I wouldn't expect that the practitioner would be required to research the law of every jurisdiction and advise the client as to the risks that Wyoming has a three strikes law that counts every juvenile everything and that's not really the requirement, is it, for an effective practitioner? Well, it may not be, but what it does do is ensure that a defendant in the Bronx Supreme Court in this situation is not going to know that someday this conviction may come back to bite you in a way that it wouldn't here in New York state court. But again, you never can tell, right? I mean, the law could change at some future point as to what's taken into account even in New York. There's never any guarantees and I'm not sure that it's essential to be an effective lawyer that you give warnings about every conceivable thing that could happen, let alone to accurately say, here's the list of . . . you're aware maybe this will count as a collateral consequence that you can't get this kind of license or that kind of license and there are just too many things to demand that of a defense lawyer, I should think. In addition to the civil remedies, it does require the lawyer defense counsel to presume that his client is going to go out and re-offend and then have to confront this stuff the next time. That's correct. I'm not sure that's a mandatory presumption in any body of ethics or attorney malpractice law that I'm familiar with. Your Honor, I think that's absolutely correct. However, in this day and age where these types of prosecutions are almost routinely brought now, where people who used to be prosecuted for these offenses in state court are now brought into these large conspiracy cases that are brought in federal court, then this type of consequence . . . But if that's so, and therefore it is incumbent on state practitioners to do this work, well, then so be it. Then it's incumbent on them to do it. That's a question of what the substantive standard is for effective performance, but it just strikes me as a peculiar argument that we should interpret federal law in a particular way because if we interpret it the other way, then a defense lawyer who's not aware of that may misadvise a client in the future. I take the point. Thank you. Thank you both for your arguments. The court will reserve decision.